UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RACHEL ANNE WALKER,

                Plaintiff,

   v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

                Defendant.

Case No. 3:17-CV-05579-TLF

ORDER GRANTING MOTION TO ALTER OR AMEND JUDGMENT

This matter comes before the Court on plaintiff's motion to amend or alter the judgment under Federal Rule of Civil Procedure 59(e). Dkt. 17. Having carefully considered that motion, the Commissioner's response, the plaintiff's reply, oral argument, and balance of the record, the Court finds that plaintiff has met its burden of showing a clear error of law as to the Court's decision concerning the internal inconsistency of the medical opinions of Dr. Neville Lewis, M.D. Dkt. 15, Order Affirming Defendant's Decision to Deny Benefits, at 5-9. The Court holds the ALJ erred by rejecting the opinions of plaintiff's treating physician, Dr. Lewis, when evaluating her RFC.

## BACKGROUND

The ALJ rejected Dr. Lewis' opinions reasoning they were: (1) internally inconsistent; (2) inconsistent with the longitudinal record; and (3) inconsistent with plaintiff's daily activities. Dkt. 9, Administrative Record ("AR") 21. In the Order Affirming Defendant's Decision to Deny

ORDER GRANTING MOTION TO ALTER OR AMEND JUDGMENT - 1

1 Benefits, the Court found the ALJ erred in reasoning Dr. Lewis' opinions were inconsistent with the longitudinal record and plaintiff's daily activities, but found the ALJ did not err in finding Dr. Lewis' opinions were internally inconsistent. Dkt. 15 at 5-8. The Court found Dr. Lewis' opinion plaintiff could perform sedentary work was inconsistent with his opinion plaintiff cannot use her right hand because unskilled labor requires good use of both hands and fingers. Dkt. 15 at 7 (citing SSR 96-9p, 1996 WL 374185; AR 780) (footnotes omitted).

ANALYSIS

The Court may alter or amend a judgment under Rule 59(e) where the Court has committed clear error. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Rule 59(e) provides an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id.* (citation and internal quotation marks omitted).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009-10 (9th Cir. 2014). The Court gives great deference to the opinion of a treating physician because he or she is "employed to cure and has a greater opportunity to know and observe the patient as an individual." *Morgan v. Comm'r of the Soc. Sec. Admin.,* 169 F.3d 595, 600 (9th Cir. 1999) (internal quotation omitted). To reject the uncontradicted opinion of either a treating or examining physician, an ALJ must provide clear and convincing reasons. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). The ALJ must support his or her decision to reject the uncontradicted treating physician's opinion with "clear and convincing reasons that are supported by substantial evidence." *Id.* (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (alteration in original) (internal citation omitted). To do so, the ALJ sets out "a detailed and thorough summary of the facts and conflicting clinical evidence," interprets that

evidence, and makes findings. *Revels,* 874 F.3d at 654-55 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation omitted)).

Plaintiff asserts that in upholding the ALJ's reasoning that Dr. Lewis' opinions were internally inconsistent, this Court made a clear error of law. Dkt. 17 at 2. Plaintiff contends that Dr. Lewis reported numerous assessments of her right wrist and hand over a three-year period, and the severity of plaintiff's right wrist and hand condition fluctuated from time to time. *Id.* at 5-7.

The Court may draw reasonable inferences from the record, and in this case, the Court finds that differences in symptoms from one appointment to the next show fluctuations in plaintiff's day-to-day experiences of pain and numbness from ongoing wrist and hand conditions, mental health highs and lows, and chronic pain, rather than an inconsistency of Dr. Lewis's opinions or any material change in condition or symptoms. Accordingly, this Court's Order Affirming Defendant's Decision to Deny Benefits (Dkt. 15) contains a clear error of law because it omits the deference that is properly given to a treating physician. "The medical opinion of a claimant's treating doctor is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimants] case record.'" *Revels,* 874 F.3d at 654 (quoting 20 C.F.R. § 404.1527(c)(2)).

The longitudinal medical evidence in the record shows that the neuropathy and post-surgical pain condition that followed a laceration and surgery to plaintiff's right wrist and hand, along with mental health conditions and pain management for all of these conditions, has created a medical constellation of fluctuating symptoms. Plaintiff takes many different medications to try and address multiple conditions and symptoms. Moreover, symptoms and the types of

medications to address various conditions may change as symptoms wax and wane. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011). Dr. Lewis consistently assessed that plaintiff is unable to use her right hand to do any type of work that would require that she maintain a tight grip with her right hand, and she can do any work above her shoulders, use a keyboard, flex or extend her wrist, grasp, or manipulate her right arm, wrist, and hand on a seldom (0-1 hours) or occasional (1-3 hours) basis. AR 782, 785, 777, 772, 769, 766, 762, 760, 757, 755, 753, 872 (listed chronologically from January 2013 to February 2015).

Dr. Lewis noted fluctuations as to plaintiff's right hand and wrist strength. Dr. Lewis opined Plaintiff can occasionally lift, carry, and push/pull – some assessments in 2013 and 2014 limited her right side ability to one pound, AR 785, 780, 777, 772, 769, 753, and some assessments in 2014 were mixed with two pound, three pound, or five pound maximums, AR 757, 766, 762, 760, 755. The most recent assessment, on February 18, 2015 stated that plaintiff's right hand grip and pinch are "minimal" and that her pain and burning level of discomfort was at 8 on a 10-point scale. AR 872. Although there was a Workfirst DSHS Documentation Request for Medical or Disability Condition in which Dr. Lewis opined that plaintiff would be able to lift 10 pounds maximum and lift or carry files and small tools, AR 780 (*see* question 4), that particular check-the-box form did not specify whether the doctor was being asked about one hand or both hands. In that same form, Dr. Lewis noted that plaintiff had limited ability to obtain access to health care services – she could not use her right wrist and hand to complete tasks such as "using the telephone, receiving treatment, making and keeping appointments, using transportation services, or finding locations of services[,]" because "can't use [right] hand over 1 lb." AR 780 (*see* question 5). Even if there were some amount of inconsistency in Dr. Lewis's opinions, the variation does not rise to the level of a specific and legitimate reason, and it is not

ORDER GRANTING MOTION TO ALTER OR AMEND
JUDGMENT - 4

supported by substantial evidence. *See generally, Vaughn v. Comm'r of Soc. Sec. Admin.,* 2018 WL 1256483 at *11 (D. Oregon 2018) (slight inconsistency or ambiguity in treating physician's evaluation and opinion did not create a specific and legitimate reason, nor was there substantial evidence, for the ALJ to discount the treating physician's opinion).

This error is not harmless. If plaintiff were limited to lifting two, three or five pounds with her right hand and limited to any work above her shoulders, using a keyboard, flexing or extending her wrist, grasping, or manipulating her right arm, wrist, and hand on a seldom (0-1 hours) or occasional (1-3 hours) basis, it would follow that the ALJ may include additional limitations in the RFC. *See* AR 15 (The ALJ determined that plaintiff has the RFC to perform light work, which involves lifting no more than 20 pounds with frequent lifting or carrying of objects weighing up to 10 pounds, and can occasionally handle, finger and feel with the right upper extremity); 20 C.F.R. §§ 404.1567(b), 416.967(b). Accordingly, the ALJ's error with respect to Dr. Lewis' opinions is not harmless and requires reversal. *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006) (an error is harmless if it is not prejudicial to the claimant or inconsequential to the ALJ's ultimate nondisability determination).

<u>REMAND FOR FURTHER ADMINISTRATIVE PROCEEDINGS</u>

Plaintiff argues that this case should be remanded for an award of benefits, or in the alternative, remanded for further administrative proceedings. Dkt. 15 at 2. "The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Trevizo v. Berry hill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and there is uncertainty and ambiguity in the record, the district court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017) (amended January 25, 2018) (quoting

*Treichler v. Comm'r of Social Sec. Admin.,* 775 F.3d 1090, (9th Cir. 2014). If the district court concludes that additional proceedings can remedy the errors that occurred in the original hearing, the case should be remanded for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only

> where "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit has recently applied the "credit-as-true" rule by first asking: Were the ALJ's reasons for rejecting the evidence legally insufficient? *Leon*, 880 F.3d at 1045-46. Then, having answered that question in the affirmative, the Court considered the second step in the analysis: Are there no remaining issues that must resolved before a disability determination can be made, and further administrative proceedings would not be useful? *Id.* The Court confirmed that the third step would result in an award of benefits only if the questions at parts one and two of the analysis are answered yes—and crediting the improperly discredited evidence as true, further proceedings would appear to be unnecessary. *Id.*

The Court in *Leon* held that even where the district court finds in the first part of the analysis that the ALJ has failed to offer sufficient reasons for rejecting evidence, and also finds in the second part of the analysis that there is "a fully developed record without any conflicts, gaps, or ambiguities," and finally reaches the third part of the analysis and credits the rejected evidence as true, it is still within the court's discretion whether to remand for further proceedings or for award of benefits. *Leon,* 880 F.3d at 1045. If, considering the record as a whole, there are

reasons for the district court to have serious doubt as to whether the claimant is disabled, the district court retains discretion to remand to the agency for additional proceedings. *Id.*; *Revels,* 874 F.3d at 668.

In the instant case, it cannot be said that a remand for additional proceedings would serve no useful purpose. As discussed above, the ALJ failed to provide legally sufficient reasons for discounting Dr. Lewis' opinions. Issues remain regarding the evidence in the record concerning plaintiff's functional limitations, and therefore serious doubt remains as to whether plaintiff is in fact disabled. Accordingly, remand for further consideration of those issues is warranted. Specifically, on remand the Commissioner shall re-evaluate Dr. Lewis' opinions and make a *de novo* determination regarding plaintiff's entitlement to benefits. This re-assessment should include contacting Dr. Lewis for a comprehensive medical statement; obtaining a medical opinion concerning pain management for plaintiff's condition(s); and obtaining additional vocational testimony relevant to plaintiff's limitations to assess plaintiff's ability to perform other jobs existing in significant numbers in the national economy.

## CONCLUSION

Accordingly, the plaintiff's motion to alter or amend judgment (Dkt. 17) is granted. The Court's Order Affirming Defendant's Decision to Deny Benefits dated May 31, 2018 (Dkt. 15) is amended to the extent it is inconsistent with this decision and to reflect that the ALJ erred in assigning little weight to Dr. Lewis' opinions[1] and supplemented with respect to the Court's determination to remand this case for further administrative proceedings. An amended judgment shall be entered for plaintiff and the file shall be closed.

---

[1] *See* pg. 7 at ln 5-19 (internal inconsistencies regarding Dr. Lewis' opinions), pg. 8 at ln. 16-24 and pg. 9 at ln. 1-9 (harmless error analysis).

Dated this 7th day of August, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING MOTION TO ALTER OR AMEND
JUDGMENT - 8